# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| NON TYPICAL, INC., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> PLANO SYNERGY HOLDING INC., § <br> WILDGAME INNOVATIONS, LLC, § <br> AND WGI INNOVATIONS, LTD., § <br> § <br> Defendants. § | Case No. _____ <br><br> JURY TRIAL DEMANDED |

## Complaint for Patent Infringement

Plaintiff Non Typical, Inc. ("Non Typical") complains against defendants Plano Synergy Holding Inc., Wildgame Innovations, LLC, and WGI Innovations, Ltd. (collectively, "Wildgame") as follows:

### *Introduction*

1. For more than 30 years, Non Typical has designed high-performing and innovative trail cameras marketed under the Cuddeback brand, a leading international trail camera brand. Trail cameras, or scouting cameras, are often used by hunters and wildlife enthusiasts to capture photographic or videographic images of wildlife in remote locations and in various light and weather conditions. To avoid startling and scaring away wildlife, trail cameras need to operate quickly, quietly, and virtually invisibly with minimal human presence or physical interaction. To that end, Non Typical developed a filter-moving mechanism for a trail camera that is protected by Non Typical's U.S. Patent No. 8,014,664 ("'664 patent").

25806444v.1

2.      Wildgame competes with Non Typical in the same market and is marketing trail cameras that incorporate Non Typical's innovative and patented technology, including at least its WILDGAME INNOVATIONS™ MIRAGE™ 18 trail camera, shown at https://www.wildgameinnovations.com/browse/trail-cameras/mirage-18.  The MIRAGE™ 18 directly infringes Non Typical's '664 patent.  Wildgame's unauthorized infringing activities, if allowed to continue, are likely to interfere with Non Typical's customer relationships and cause Non Typical to incur monetary damages and suffer irreparable harm.  Therefore, Non Typical brings this action seeking relief for Wildgame's ongoing patent infringement.

### *The Parties*

3.      Non Typical is incorporated and exists under the laws of the State of Wisconsin. Non Typical has its principal place of business at 2256 American Boulevard, De Pere, Wisconsin.

4.      On information and belief, Plano Synergy Holding Inc. ("Plano Synergy") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 602 Fountain Parkway, Grand Prairie, Texas.  Plano Synergy's website lists WILDGAME INNOVATIONS™ as one of its brands at https://www.planosynergy.com/brands/.

5.      On information and belief, Wildgame Innovations, LLC is a limited liability company organized and existing under the laws of the State of Louisiana with its headquarters located at 3849 Plaza Tower Drive, Baton Rouge, Louisiana.

6.      On information and belief, WGI Innovations, Ltd. is a wholly-owned subsidiary of Wildgame Innovations, LLC, and with a branch located at 602 Fountain Parkway, Grand Prairie, Texas.

- 2 -

7. On information and belief, Plano Synergy directs or controls Wildgame Innovations, LLC and WGI Innovations Ltd.

## *Jurisdiction and Venue*

8. This action arises under the patent laws of the United States of America, Title 35 of the United States Code. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Wildgame because, on information and belief, Wildgame conducts regular and substantial business in Texas, including operating and directing its business through the apparently shared Plano Synergy headquarters / WGI Innovations, Ltd. branch location in Grand Prairie, Texas. Wildgame also has committed acts within this state that give rise to this suit, including importing, making, using, offering to sell, and selling infringing products such as those identified in this Complaint. At a minimum, Wildgame places products, including infringing products such as those identified in this Complaint, into the stream of commerce knowing and intending that such products will be used, sold, or offered for sale within this state. Exercising personal jurisdiction over Wildgame is appropriate and reasonable under the circumstances.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because, on information and belief, Wildgame conducts regular and substantial business in this judicial district, including through the Plano Synergy headquarters / WGI Innovations, Ltd. branch location in this judicial district, and has committed acts within this judicial district that give rise to this suit, including importing, making, using, offering to sell, or selling infringing products such as those identified in this Complaint.

*Background*

11.     The '664 patent, entitled "FILTER MOVING SOLENOID SYSTEM FOR A CAMERA," was duly and legally issued by the United States Patent and Trademark Office on September 6, 2011.  A true and correct copy of the '664 patent is attached to this Complaint as Exhibit A.  The '664 patent is valid and enforceable.

12.     Non Typical is the sole owner of the '664 patent.  As the owner of the '664 patent, Non Typical is authorized and has standing to bring legal action to enforce all rights arising from the '664 patent.

13.     Wildgame directly competes with Non Typical, offering to sell and selling within the United States of America the MIRAGE™ 18 trail camera.  True and correct images of the MIRAGE™ 18 trail camera are shown below:

 




14.     The Wildgame Mirage 18 trail camera embodies each and every limitation of at least independent claim 12 of the '664 patent:

   a. The MIRAGE™ 18 is a scouting camera.

   b. The MIRAGE™ 18 includes a lens through which photographs are taken by the scouting camera.

   c. The MIRAGE™ 18 includes a filter that selectively overlies the lens.

   d. The MIRAGE™ 18 includes a solenoid facilitating movement of the filter and including at least some ferromagnetic material therein.

   e. The MIRAGE™ 18 includes an armature that is attached (magnetically) to and moves the filter.

   f. The armature of the MIRAGE™ 18 includes two magnets that selectively and magnetically couple to the solenoid such that when each of the magnets is

        magnetically coupled to the solenoid, the armature does at least one of (i) holding the filter over the lens, and (ii) holding the filter away from the lens when the solenoid is de-energized.

15. Wildgame does not have authority to make, use, offer to sell, or sell within the United States of America, or to import into the United States of America, any products that embody one or more claims of the '664 patent.

16. On February 11, 2019, Non Typical first informed in-house counsel for Plano Synergy that the MIRAGE™ 18 trail camera infringes the '664 patent. Non Typical sent at least five follow up messages regarding infringement to Plano Synergy. Despite Non Typical's repeated requests throughout 2019 that Wildgame cease its infringement, Wildgame has continued to willfully infringe the '664 patent.

## COUNT I
### Direct Infringement of U.S. Patent No. 8,014,664

17. Non Typical re-alleges and incorporates by reference into this Count I the allegations set forth in paragraphs 1-16 of this Complaint as though fully set forth herein.

18. Wildgame has directly infringed the '664 patent at least by importing, making, using, offering to sell or selling within the United States of America trail cameras that embody one or more claims of the '664 patent, including, but not limited to, the invention recited in claim 12 of the '664 patent.

19. As a result of Wildgame's infringement of the '664 patent, Non Typical has suffered irreparable harm and monetary damages, which continue to accrue, in an amount to be determined at trial.

20. On information and belief, Wildgame's acts infringing the '664 patent will continue after service of this Complaint unless enjoined by the Court. Thus, unless preliminarily

25806444v.1

and permanently enjoined by this Court, Wildgame's acts of infringement will cause Non Typical further injury and damage, including immediate and irreparable harm that cannot be adequately compensated by monetary damages.

21. Wildgame's acts of infringement have been willful, deliberate, and knowingly performed with reckless disregard for Non Typical's exclusive rights in the '664 patent, justifying the assessment of enhanced damages pursuant to 15 U.S.C. § 284.

22. This is an exceptional case, justifying the awarding of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

### *Prayer for Relief*

WHEREFORE, Non Typical respectfully requests that the Court enter judgment in favor of Non Typical and against Wildgame, granting the following relief:

A. a judgment that Wildgame has directly infringed the '664 patent under 35 U.S.C. § 271;

B. a preliminary and permanent injunction pursuant to 35 U.S.C. § 283, preventing Wildgame, its officers, agents, servants, employees, successors, assignees, parents, subsidiaries, affiliated or related companies, attorneys, and all others in active concert or participation with any of them from further directly or indirectly infringing the '664 patent;

C. an award of damages adequate to compensate Non Typical for Wildgame's patent infringement, and no less than the damages provided for under 35 U.S.C. § 284;

D. an award of enhanced damages under 35 U.S.C. § 284;

E. an award of attorneys' fees under 35 U.S.C. § 285;

F. an award of pre-judgment interest, post-judgment interest, and all costs associated with this action; and

F. any other relief as the Court deems appropriate and just under the circumstances.

*Jury Demand*

Non Typical demands a trial by jury on all matters and issues properly tried to a jury pursuant to Federal Rules of Civil Procedure 38 and 39, and other applicable federal and state law.

Dated:  May 14, 2020                    Respectfully submitted,

**NON TYPICAL, INC.**

*/s/ Arthur Gollwitzer III*
Arthur Gollwitzer III (TX BAR NO. 24073336)
MICHAEL BEST & FRIEDRICH LLP
2801 Via Fortuna, Suite 300
Austin, TX 78746
Telephone: (512) 640-3161
Fax: (512) 640-3170
agollwitzer@michaelbest.com

Melanie J. Reichenberger (WI BAR NO. 1061510)
*(pro hac vice* to be filed*)*
MICHAEL BEST & FRIEDRICH LLP
790 North Water Street, Suite 2500
Milwaukee, WI 53202
Telephone: (414) 271-6560
Fax: (414) 277-0656
mjreichenberger@michaelbest.com

- AND -

*/s/ William R. Jenkins, Jr.*
William R. Jenkins, Jr.
Texas Bar No. 00784334
wjenkins@jw.com
Allison B. Allman
Texas Bar No. 24094023
aallman@jw.com
JACKSON WALKER L.L.P.
777 Main Street, Suite 2100
Fort Worth, Texas  76102
Telephone: (817) 334-7200
Fax: (817) 334-7290

*Attorneys for Plaintiff Non Typical, Inc.*

- 8 -