**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

NON TYPICAL, INC.
     Plaintiff,

v.

PLANO SYNERGY HOLDING INC.,
WILDGAME INNOVATIONS, LLC, AND
WGI INNOVATIONS, LTD.,

     Defendants.

CIVIL ACTION NO. 4:20-CV-00485-O

JURY TRIAL DEMANDED

---

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, Plano Synergy Holding Inc. ("Plano"), Wildgame Innovations, LLC ("Wildgame"), and WGI Innovations, Ltd. ("WGI") (collectively, "Defendants") answer the First Amended Complaint of Plaintiff Non Typical, Inc. ("Plaintiff"). The paragraphs in this answer are numbered to correspond with the paragraph numbers in the First Amended Complaint. Any and all allegations in the First Amended Complaint that are not specifically admitted herein are hereby denied.

**INTRODUCTION**

**Response to 1.** Defendants admit that trail cameras are generally used to capture photographic or videographic images of wildlife. Paragraph 1 calls for an opinion and/or a legal conclusion to which no answer is possible or required. To the extent an answer is required as to whether Plaintiff developed a mechanism for a trail camera that is properly protected by the '664 patent, Defendants deny same. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 1 and therefore deny same.

1

**Response to 2.**    Paragraph 2 calls for multiple legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny that Plaintiff has innovative or patented technology, deny that the MIRAGE 18 infringes the '664 patent, and deny that any activities by Defendants interfere with Plaintiff's customer relationships or cause Plaintiff monetary damage or irreparable harm.  Defendants deny the remaining allegations of Paragraph 2.

## THE PARTIES

**Response to 3.**    Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 3 and therefore deny the same.

**Response to 4.**    Defendants admit the allegations of Paragraph 4.

**Response to 5.**    Wildgame Innovations LLC is organized and existing under the laws of the State of Louisiana, but is headquartered in Grand Prairie, Texas.

**Response to 6.**    Defendants admit the allegations of Paragraph 6.

**Response to 7.**    Paragraph 7 calls for a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny same.

## JURISDICTION AND VENUE

**Response to 8.**    Defendants admit the allegations of Paragraph 8.

**Response to 9.**    Defendants do not contest personal jurisdiction in this Court for this proceeding.  Paragraph 9 calls for a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants admit to having facilities in Grand Prairie, Texas, and that products are shipped from Texas.  Defendants otherwise deny the remaining allegations in Paragraph 9, including but not limited to the allegations that Defendants committed any acts that gave rise to this litigation, or that Defendants import, make, use, offer to sell, and sell products that infringe Plaintiff's patent. Defendants also deny that Plano imports, makes, uses, offers to sell, or

2

sells any products, as Plano is a holding company.

**Response to 10.**    Defendants do not contest venue in this Court for this proceeding. Paragraph 10 calls for a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants admit to conducting business in this judicial district.  Defendants otherwise deny the remaining allegations in Paragraph 10, including but not limited to the allegations that Defendants committed any acts that gave rise to this litigation, or that Defendants import, make, use, offer to sell, and sell products that infringe Plaintiff's patent. Defendants also deny that Plano imports, makes, uses, offers to sell, or sells any products, as Plano is a holding company.

## BACKGROUND

**Response to 11.**    Defendants admit that Exhibit A to the First Amended Complaint appears to be a copy of the '664 patent which appears to bear the title "Filter Moving Solenoid System for a Camera" on the face of the document.  Defendants also admit that the face of Exhibit A indicates September 6, 2011 as the issue date.  Paragraph 11 calls for a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants deny that the '664 is either valid or enforceable.

**Response to 12.**    Paragraph 12 calls for a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny same.

**Response to 13.**    Defendants admit that Wildgame offers to sell and sells the MIRAGE 18 trail camera in the United States.  Defendants deny that they directly compete with Plaintiff. Defendants admit that the images in Paragraph 13 appear to be of a MIRAGE 18 trail camera, but Defendants deny that the labels added to one of the images are accurate descriptions of the parts of the MIRAGE 18 trail camera and that Plano competes with Plaintiff, offers to sell or sells MIRAGE 18 trail cameras.

3

**Response to 14.**    Paragraph 14 calls for a legal conclusion premised upon construction of numerous undefined patent claim terms to which no answer is required.  To the extent an answer is required, Defendants deny same.  Defendants deny the remaining allegations in Paragraph 14.

**Response to 15.**    Paragraph 15 calls for a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants deny same.

**Response to 16.**    Paragraph 16 calls for a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants admit that they have been in correspondence regarding the '664 patent and Plaintiff's allegations, the contents of which speak for themselves.  Defendants deny that Plaintiff's February 11, 2019 email was sufficient to put Defendants on notice of alleged infringement.  Defendants deny any remaining allegations in Paragraph 16.

**COUNT I**
**Direct Infringement of U.S. Patent No. 8,014,664**

**Response to 17.**    Defendants repeat and reallege their answers set forth in Paragraphs 1-16, as if fully set forth herein.

**Response to 18.**    Paragraph 18 calls for a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants deny same.

**Response to 19.**    Paragraph 19 calls for a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants deny same.

**Response to 20.**    Paragraph 20 calls for a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants deny same.

**Response to 21.**    Paragraph 21 calls for a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants deny same.

**Response to 22.**    Paragraph 22 calls for a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants deny same.

4

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief whatsoever from Defendants, including and without limitation to the relief requested in the First Amended Complaint's Prayer for Relief. Defendants further deny the allegations in all sub-paragraphs of the First Amended Complaint's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden that they would not otherwise bear, and specifically reserving their right to assert additional affirmative defenses as additional information becomes available through discovery or otherwise, Defendants assert the affirmative defenses below.

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

Defendants do not infringe and have not infringed any valid and enforceable claim of the '664 patent. By way of non-limiting example, and to the extent Defendants understand the accusations of infringement and the meaning of the as-yet unconstrued claim terms, the MIRAGE 18 trail camera does not have an "armature that is attached to and moves the filter."

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity / Unenforceability)

The claims of the '664 patent are invalid because they fail to satisfy one or more of the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

### THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

Plaintiff is estopped from asserting that Defendants have directly infringed any claim of the '664 patent because of statements, representations, and admissions made during the prosecution of the patent application.

5

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

To the extent Plaintiff or its licensees failed to properly mark any of its relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Defendants allegedly infringed the '664 patent, Defendants are not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '664 patent.

## FIFTH AFFIRMATIVE DEFENSE
### (Unavailability of Injunctive Relief)

Plaintiff is not entitled to injunctive relief (preliminarily or permanently), including because any injury to it is not immediate or irreparable, Plaintiff would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

## SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims for damages are barred by the statute of limitations set forth in 35 U.S.C. § 286.

## SEVENTH AFFIRMATIVE DEFENSE
### (Standing)

If Plaintiff does not hold all rights in the '664 patent required to sue for patent infringement, Plaintiff lacks standing to bring this action and the Court lacks jurisdiction.

## EIGHTH AFFIRMATIVE DEFENSE
### (Estoppel / Waiver / Acquiescence)

Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or acquiescence.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff fails to state a claim upon which relief can be granted.

QB\65204365.1

## TENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

Defendants' investigation is ongoing and Defendants reserve all rights to amend and/or add to their answer and affirmative defenses as additional bases are discovered.

*** 

## DEFENDANTS' COUNTERCLAIMS

Defendants, Plano Synergy Holding Inc. ("Plano"), Wildgame Innovations, LLC ("Wildgame"), and WGI Innovations, Ltd. ("WGI") (collectively, "Defendants") hereby state the following allegations and counterclaims against Plaintiff Non Typical, Inc. ("Plaintiff"), and demand a trial by jury on their non-equitable claims.

### <u>Nature of the Action and Relief Sought</u>

1.      This is an action to declare U.S. Patent No. 8,104,664 ("the '664 patent") not infringed by Defendants.  This is also an action to declare each asserted claim of the '664 patent invalid.

2.      By filing its Complaint and, subsequently, its First Amended Complaint, Plaintiff purported to assert a claim against Defendants for the alleged infringement of the '664 patent. Defendants have not infringed any valid claim of the '664 patent.  Consequently, an actual controversy exists between the parties with respect to the infringement and validity of the asserted claims of the '664 patent.

3.      This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

4.      This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202, at least to the extent that the Court has subject matter jurisdiction over the First Amended Complaint.

7

5.      To the extent this Court determines venue is appropriate for Plaintiff's claim in the above-captioned litigation, venue for these counterclaims is also appropriate pursuant to 28 U.S.C. § 1391.

6.      Plaintiff has voluntarily consented to the personal jurisdiction of this Court by commencing the above-captioned litigation in this judicial district, as set forth in its First Amended Complaint.

## Parties

7.      In its First Amended Complaint, Plaintiff alleges that it is incorporated and existing under the laws of the State of Wisconsin with its principal place of business at 2256 American Boulevard, De Pere, Wisconsin.

8.      Plano is incorporated and existing under the laws of the State of Delaware is headquartered at 602 Fountain Parkway, Grand Prairie, Texas.

9.      Wildgame is a limited liability company organized and existing under the laws of the State of Louisiana with its headquarters located at 602 Fountain Parkway, Grand Prairie, Texas.

10.     WGI is a wholly-owned subsidiary of Wildgame

## First Counterclaim

### (Declaratory Judgment of Non-Infringement of the '664 patent)

11.     Defendants re-allege and incorporates the allegations in Paragraphs 1-10 of the Counterclaim above as though fully set forth herein.

12.     Defendants have not infringed any valid claim of the '664 patent, including because Defendants have not made, sold, used, imported, distributed, or offer for sale any product embodying such claim.  By way of non-limiting example, and to the extent Defendants understand

8

the accusations of infringement and the meaning of the as-yet unconstrued claim terms, the MIRAGE 18 trail camera does not have an "armature that is attached to and moves the filter."

13.     Defendants are entitled to a judgment finding that they do not infringe the '664 patent.

## Second Counterclaim

### (Declaratory Judgment of Invalidity of the '664 patent)

14.     Defendants re-allege and incorporates the allegations in Paragraphs 1-10 of the Counterclaim above as though fully set forth herein.

15.     The claims of the '664 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

### Prayer For Relief

WHEREFORE, Defendants pray for the following relief:

A.  Entry of judgment declaring that Defendants do not infringe and have not infringed, in any way, any claim of U.S. Patent No. 8,104,664;

B.  Entry of judgment declaring the claims of the '664 patent invalid and/or unenforceable;

C.  Dismissing the First Amended Complaint herein with prejudice and denying all relief requested by Plaintiff;

D.  A declaration that this an exceptional case under 35 U.S.C. § 285 and awarding Defendants their reasonable attorneys' fees incurred in defending against Plaintiff's accusations;

E.  An award of costs, expenses, fees, and interest incurred by Defendants in defending against Plaintiff's accusations under any applicable authority; and

F. Granting Defendants such other and further relief as this Court deems just and proper.

## Jury Demand

Defendants hereby demand a trial by jury on all issues triable by a jury alleged or relating to this litigation pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this <u>9th</u> day of October, 2020.

Respectfully submitted,

*/s/ Blake A. Bailey*
Blake A. Bailey
Texas State Bar No. 01514700
Phelps Dunbar, LLP
115 Grand Avenue, Suite 222
Southlake, Texas 76092
Tel : (817) 305-0332
Fax : (817) 488-3214
blake.bailey@phelps.com

Martha Jahn Snyder
Wisconsin Bar No. 1070865
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, Wisconsin 53703-3095
Tel.: (608) 251-5000
martha.snyder@quarles.com

*Attorneys for Defendants*

10

## CERTIFICATE OF SERVICE

On October 9, 2020, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court which will send notification of the filing to all counsel of record. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorize by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Blake A. Bailey*
Blake A. Bailey

QB\65204365.1